■ In the Matter of the Claim of DENNIS O'SULLIVAN, Respondent, v. GEORGE M. GROSS, Doing Business as THE SANDS COMPANY, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HAMM, J. Appeal from a decision of the Workmen's Compensation Board which affirmed a Referee's award of two weeks' disability pay to the claimant. The claimant testified that he suffered an accident while engaged in carrying a can filled with garbage from the basement of the employer's premises to the street. An injury sustained by an employee as a result of the lifting of heavy objects or containers constitutes an accidental injury within the scope and meaning of the Workmen's Compensation Law (*Matter of Messer* v. *Leading Youth Center,* 15 A D 2d 841; *Matter of Moore* v. *Snyder,* 15 A D 2d 838) and it was conceded at the hearing before the Referee that "any type of heavy lift would produce the condition". While there are claimed inconsistencies in the claimant's testimony, his proof was not equivocal or fragmentary to the point that it failed to rise to the level of substantial evidence. Moreover, the occurrence of the accident is substantiated by the testimony of the superintendent of the building where the claimant was employed. He testified that a fellow employee of the claimant, who had died prior to the hearing, told him on October 21, 1961, that the claimant had had an accident on that day. He also testified that the claimant advised him of the accident when he returned to the employer's premises two or three weeks later to obtain a pay check. As to causal relation the surgeon who operated on the claimant for a disc injury testified that the case history received from the claimant related to an accident two years prior to October, 1962. However, the claim-

ant testified that he first came to this country from Ireland on January ·10, 1961, and his testimony was supported by an immigration card. Moreover, there was received in evidence an X-ray registration card from the Department of Hospitals of the City of New York dated October 21, 1961. Hence the board could find that the surgeon's case history as transcribed was in error in dating the occurrence of the accident a year before its actual happening. In response to a hypothetical question asked by the Referee the surgeon stated that the "lift" as testified to by the claimant could "be a competent producing cause" of the injury which he sustained. This testimony connecting the injury with an accident on the job constituted substantial medical evidence supporting the board's decision as to causal relation. The appellants state, although they do not argue the issue, that they raise also the question of notice. But, as this question was not raised in the application for review before the board, the appellants may not create this issue for the first time in this court (*Matter of Hedlund* v. *United Exposition Decorating Co.*, 15 A D 2d 973, 975, mot. for lv. to app. den. 11 N Y 2d 646; *Matter of Chersi* v. *Lulich Constr. Co.*, 19 A D 2d 672). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds· and Taylor, JJ., concur.